IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Apparel Business Systems, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>Tom James Company, and<br>Kenneth Gordon/IAG, Inc.,<br><br>                Defendants.<br><br>Tom James Company, and<br>Kenneth Gordon/IAG, Inc.,<br><br>                Counterclaim Plaintiffs,<br><br>v.<br><br>Apparel Business Systems, LLC,<br><br>                Counterclaim Defendant. | Civil Action No. 06-CV-1092 |

**DEFENDANT TOM JAMES COMPANY AND KENNETH GORDON/IAG, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS
AND COMPEL ENTRY UPON PREMISES TO CONDUCT INSPECTIONS**

                                  Diane Vuocolo
                                  GREENBERG TRAURIG, LLP
                                  2700 Two Commerce Square
                                  2001 Market Street
                                  Philadelphia, PA 19103
                                  Telephone: (215) 988-7800
                                  Facsimile: (215) 988-7801

                                  Adam B. Landa (admitted *pro hac vice*)
                                  GREENBERG TRAURIG, LLP
                                  200 Park Avenue
                                  New York, New York 10166

                                  *Attorneys for Defendants*
                                  *Tom James Company and*
                                  *Kenneth Gordon/IAG, Inc.*

Dated: December 26, 2006

**IN-PERSON ORAL ARGUMENT REQUESTED**

I.   **INTRODUCTION**

Plaintiff brought the instant action alleging copyright infringement and breach of license. Although the suit lacked any basis, in accordance with the Federal Rules of Civil Procedure, defendant Tom James Company, has conducted a thorough inspection of its (and its subsidiaries) existing and historic computer systems (of the type at issue here). The inspection revealed, as Tom James believed, that plaintiff's software exists only in two locations: on Kenneth Gordon's computer where it is used by Kenneth Gordon, and on Tom James computer, where it resides unused, for historic reasons.[1]  Exhibit 1, Declaration of Bryan Podany ¶10.

Now at issue in plaintiff's motion to compel are certain Rule 34(a)(2) requests for entry and inspection directed to the computer systems of Tom James. Specifically, without justification, plaintiff seeks an *unprecedented* invasion into the computer systems of Tom James. The Rule 34(a)(2) inspection is wholly improper under the facts of this case and under the law.

II.   **ARGUMENT**

      a.   RULE 34(A)(2) DOES NOT GIVE THE REQUESTING PARTY THE RIGHT TO CONDUCT A SEARCH OF A RESPONDING PARTY'S COMPUTER WITHOUT – AT THE OUTSET – A FACTUAL FINDING OF SOME NON-COMPLIANCE WITH THE DISCOVERY RULES

As noted by plaintiff, the Federal Rules of Civil Procedure were recently amended to accommodate the evolving law of electronic discovery. What plaintiff fails to acknowledge to the Court is that, while Rule 34(a)(1) **was** amended to make it clear that production requests reach electronically stored information, Rule 34(a)(2), relating to entry upon land for inspection, **was not** so amended. Indeed, the Advisory Committee Note says that Rule 34(a):

---

[1] There is no dispute that Kenneth Gordon/IAG, Inc. and Tom James Company are each licensees of plaintiff's software.

> is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Direct inspection of an opponent's computer is the exception and not the rule. *Kimberly Powers v. Cooley Law School*, 2006 U.S. Dist. LEXIS 67706 (W.D. Mich.).

> The court is [] loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information. Such conduct is always a possibility in any case, but the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct.

*Id.* (Citations omitted.) Courts routinely deny inspection requests absent a strong showing, and factual finding, of some non-compliance with the discovery rules.

In *In re Ford Motor Co.*, 345 F.3d 1315 (11th Cir. 2003), for example, the Eleventh Circuit granted mandamus to prevent implementation of a district court order allowing plaintiffs to inspect certain databases on Ford's computers. Plaintiffs asserted that Ford had not been forthright in providing documents in response to discovery requests, and the district court granted them the right to perform their own examination of Ford's computer. The Eleventh Circuit found that this was an abuse of discretion. The court remarked that *Rule 34(a)* requires the responding party to search his records to produce the required, relevant data. "*Rule 34(a)* does not give the requesting party the right to conduct the actual search." 345 F.3d at 1317. Numerous other cases are in accord. *See, e.g., Williams v. Mass. Mutual Life Ins. Co.*, 226 F.R.D. 144, 147 (D. Mass. 2005) (Before permitting intrusion into opposing party's information system, inquiring party must present at least some reliable information that opposing party's representations are misleading or substantively inaccurate); *Nicholas v. Wyndham International Inc.*, 373 F.3d 537 (4th Cir. 2004) (district court did not abuse discretion in refusing to allow computer inspection); *Medical Billing Consultants, Inc.*,

2003 U.S. Dist. Lexis 5606 (N.D. Ill. 2003) (motion to compel inspection of computers denied, despite allegations of withholding, due to lack of evidence of withholding of evidence).

### b. THE DISCOVERY SOUGHT BY PLAINTIFF IS DUPLICATIVE

In September 2006, plaintiff issued subpoena *duces tecum* to each of several Tom James subsidiaries. Exhibits 2-4. In each of those subpoenas, plaintiff sought documents concerning the software at issue. In response to the subpoenas, the subpoenaed entities responded that no such documents exist. Exhibits 5-7. In other words, none of the Tom James subsidiaries subpoenaed had the plaintiff's software.

The discovery sought has already been taken. It is sufficient that Tom James search its own records, and having done so, plaintiff is not entitled to take the same discovery again.

### c. PLAINTIFF LACKS ANY BASIS TO ALLEGED DISCOVERY MISCONDUCT

Plaintiff's unprecedented and invasive requests seek to inspect Tom James computers, but fails to cite any evidence of discovery misconduct. Plaintiff alleges no discovery misconduct because Tom James has engaged in **no** discovery misconduct. Instead, the record shows that Tom James has faithfully carried out its obligations in connection with discovery in this matter.[2]

Plaintiff's motion attempts to cast doubt on the veracity of Tom James' search by describing what it characterizes as an *alarming chance encounter* with a former employee of a Tom James subsidiary. This hearsay-based allegation is incredible, and not worthy of any credence at all.

Plaintiff's purported first-hand account of the meeting – and the ***only*** statement attributed by plaintiff to the former employee (which is hearsay anyway) – is that he previously worked for

---

[2] *See, e.g.*, Declaration of Bryan Podany (Exhibit 1).

a Tom James subsidiary. Exhibit 8, Lawson Oct. 19, 2006 Transcript 30:7-25. Plaintiff cannot identify the person that allegedly said that this former employee used plaintiff's "ABS" software at the Tom James subsidiary. It is unlikely that anyone actually did.

The only non-hearsay evidence on this issue Mr. Podany's testimony that the Tom James subsidiary-in-question used "ACS" software, not "ABS" software. Exhibit 1, ¶ 8. Plaintiff is aware of this, and is also aware that its frivolous assertion to the contrary (and concomitant frivolous basis for bringing this suit) is based on the same untrustworthy hearsay evidence. Plaintiff's hearsay proffer (whether erroneous or malicious) is a textbook example of the purpose of the hearsay rule – and its requirement of trustworthy evidence.

Plaintiff lacks any basis to allege discovery misconduct, and therefore, is not entitled to have the Court order inspections of Tom James' proprietary computer systems.

## III.    CONCLUSION

Plaintiff's claim for inspection lacks a proper foundation as it fails to allege, and indeed in good faith cannot allege, any discovery misconduct.

The record shows that Tom James has dispatched its duties under the Federal Rules with care, and has undertaken a complete search of its computer systems to determine whether plaintiff's software is being improperly used by Tom James or its subsidiaries. It is not. Absent a finding of discovery misconduct, plaintiff is not entitled to an inspection Tom James computers.

Accordingly, defendants Tom James Company and Kenneth Gordon/IAG, Inc. respectfully request that this Court deny plaintiff's motion in its entirety. Defendants Tom James Company and Kenneth Gordon/IAG, Inc. also requests that plaintiff be taxed the costs (including reasonable attorneys' fees) and expenses connected with bringing this motion pursuant to Federal Rule of Civil Procedure 37(b)(2)(E).

/s/ DIANE E. VUOCOLO   6713
Diane E. Vuocolo (DEV6713)
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7803
Facsimile: (215) 717-5230
Email: vuocolod@gtlaw.com

*Of Counsel:*
Adam B. Landa (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10166
Telephone: (212) 801-2249
Facsimile: (212) 801-6400
Email: landaa@gtlaw.com

*Attorneys for Defendant*
*Tom James Company and*
*Kenneth Gordon/IAG, Inc.*

Dated: December 26, 2006

## CERTIFICATE OF SERVICE

I, Diane E. Vuocolo, hereby certify that on this 26th day of December 2006, I served a true and correct copy of the following pleadings:

**DEFENDANT TOM JAMES COMPANY AND KENNETH GORDON/IAG, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND COMPEL ENTRY UPON PREMISES TO CONDUCT INSPECTIONS**

upon Plaintiff's counsel by Hand Delivery as follows:

> **Steven Kapustin, Esquire**
> **Kaplin Stewart Meloff Reiter & Stein, P.C.**
> **Union Meeting Corporate Center**
> **910 Harvest Drive**
> **Blue Bell, PA 19422-0765**
>
> **Mohammad Ghiasuddin, Esquire**
> **Kaplin Stewart Meloff Reiter & Stein, P.C.**
> **Union Meeting Corporate Center**
> **910 Harvest Drive**
> **Blue Bell, PA 19422-0765**

_____
Diane E. Vuocolo (DEV6713)