IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

APPAREL BUSINESS SYSTEMS, LLC,: CIVIL ACTION
      Plaintiff, :
      v. :
TOM JAMES COMPANY, et al., :
      Defendants : NO. 06-1092

<u>ORDER</u>

AND NOW, this 28th day of March, 2008, upon consideration of the defendants' amended motion for sanctions (Docket No. 84), it IS HEREBY ORDERED that the defendants' amended motion for sanctions for plaintiff's opposition to summary judgment of no infringement and for cross-moving for summary judgment of infringement is DENIED.

The defendants have moved for Rule 11 sanctions based on the plaintiff's cross-motion for partial summary judgment on copyright infringement, which was filed on March 19, 2007. They argue that there is no evidence in the record to establish that the plaintiff owns the '742 and the '536 Copyrights, that the protectable elements of the software cannot be identified, and that infringement cannot be proven. Defs.' Sanctions. Mot. Br. at 3.

The Court will not impose sanctions specifically for the plaintiff's cross-motion for summary judgment. The Court has

discussed the copyright ownership issue at length in its Memorandum and Order on summary judgment and the motions to strike. The Court granted the defendants' motion for summary judgment in part on the ground that the evidence in the record does not establish that the plaintiff owns the '742 and '536 Copyrights.

The issue for the sanctions motion is whether or not the plaintiff's cross-motion for summary judgment of copyright infringement was filed after an inquiry reasonable under the circumstances and whether the claims presented in it are warranted by existing law or by a nonfrivolous argument for extending existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2).

Although the Court concluded that the record did not support the plaintiff's claim to own the copyrights, it was not patently frivolous for the plaintiff to argue that it did. The plaintiff's business is based on software growing out of the two copyrights, and the plaintiff has operated for years on the assumption that whatever form the business took (sole proprietorship, corporation, limited liability company), it owned the copyrights. The documents that the plaintiff entered into evidence do not establish ownership for the purposes of summary judgment, but tend to show that the plaintiff intended to pass the ownership of the copyrights from INC to LLC.

Disputes over the ownership of the copyrights have in the past been resolved so that the parties involved acknowledged the plaintiff's ownership of the copyrights, as shown by the Consent Decree and the Settlement Agreement. These documents have no bearing on the outcome of the summary judgment motion, as they do not bind the defendants in this case or establish any particular legal status for the copyrights. They are relevant to a Rule 11 analysis, however, because they tend to show that the plaintiff's claims of ownership were nonfrivolous at the time they filed the cross-motion. The Court will not go so far as to penalize the plaintiff for its problematic chain of title with sanctions under Rule 11.

The plaintiff argues in its cross-motion that copyright infringement had been established as a matter of law because the defendants' counsel admitted at oral argument that the defendants had modified the source code of the plaintiff's software. The plaintiff made no mention of source code in its complaint and refused to produce it when the defendants asked for source code in their August 11, 2006, request for production of documents. The license agreement allowed the defendants to buy the software's source code for an extra fee. They bought the source code and modified it to fit their needs. As the Court discussed in its order of April 10, 2007, and in its denial of the plaintiff's cross-motion for summary judgment, the defendants'

counsel's statement about the source code was not an admission of infringement, and the source code is not an issue in the infringement claim. Hearing Tr. at 9, Mar. 22, 2007; Order, Apr. 10, 2007 (Docket No. 71).

Had the plaintiff filed its cross-motion for summary judgment after the Court's April 10, 2007, order came down, the Court would have imposed sanctions on the plaintiff for continuing to pursue a legal theory after the Court expressly refused to expand the scope of the case to include the source code. The plaintiff filed its cross-motion on March 19, 2007, two weeks before the Court's order, and the Court will not impose sanctions for the plaintiff's pursuit of the source code issue in its cross-motion.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.